**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 17 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

JACOB GINZBURG,

Defendant.

---

09-CR-455 (S-2)-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

On November 6, 2009, Jacob Ginzburg pled guilty to a single-count superseding indictment which charged that between December 2008 and February 2009, the defendant, together with others, conspired to distribute and possessed with intent to distribute MDMA, in violation of 21 U.S.C. §§ 846, 841 (a) (1), 841 (b) (1) (C).

Ginzburg was sentenced on June 4, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 31 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 97 and 121 months. The calculation of the total offense level included a 3-point adjustment for acceptance of responsibility, based on defendant having pled guilty. The offense carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 841 (b) (1) (C). The guidelines range of fine was from $15,000 to $1,000,000.

Ginzburg was sentenced to 3 years' incarceration and 5 years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. A separate order of forfeiture was issued in the amount of $165,000.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant comes from a good family with hard working parents. Defendant dropped out of school at a young age, did not take his education seriously, and has had prior brushes with the law. Defendant has committed a very serious offense. Defendant's participation in the instant offense involved supplying ecstasy to others for further distribution. The conduct continued over a number of years. The volume of sales was extensive. Defendant is highly culpable. Due to the defendant's youth and immaturity, sentencing within the guidelines would not be appropriate because it would be overly destructive. A sentence of three years incarceration along with five years of supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in the distribution of MDMA will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his youth and his supportive family.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: June 7, 2010
Brooklyn, New York